**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JARET G. PAGLIO, | ) | Case No. 1:26-cv-88 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| REINHART UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Jaret Paglio filed suit in State court against Reinhart University and Dr. Walter May, its dean of students.  Defendants removed the action then moved to dismiss it.  For the reasons that follow, the Court determines that it lacks subject matter jurisdiction and **REMANDS** the case to State court.

**STATEMENT OF FACTS**

Taking the facts alleged in the complaint as true and construing them in favor of Plaintiff as the non-moving party, Plaintiff bases his claims on the following facts.

In or around 2024, Mr. Paglio received a scholarship to play lacrosse at Reinhardt University.  (ECF No. 1-2, ¶ 7, PageID #10.)  Reinhart University is a private university in Georgia.  (*Id.*, ¶ 2, PageID #9.)  Dr. Walter May is the Dean of Students at Reinhart University.  (*Id.*, ¶ 3, PageID #10.)

At the beginning of the 2025 lacrosse season, "Defendants began firing their lacrosse coaches, resulting in upper-class players having to organize and supervise the lacrosse team."  (*Id.*, ¶ 8, PageID #10.)  Because the lacrosse coaches were fired,

the upper-classmen players were coaching the lacrosse practices and games. (*Id.*, ¶ 11, PageID #10.)

By Reinhart University's 2024–2025 winter break, Mr. Paglio had "paid his part of the tuition" for the spring semester. (*Id.*, ¶¶ 9–10, PageID #10.) In fall of 2024, Mr. Paglio sought tuition reimbursement. (*Id.*, ¶ 13, PageID #13.) At some point, Mr. Paglio left Reinhart University, but he does not allege the date on which he left or when he sought tuition reimbursement. (*Id.*, ¶ 14, PageID #11.) He left Reinhart University "because the coaching staff he relied upon as the coaches to further his sports career in choosing to enroll [there] were all terminated." (*Id.*)

Plaintiff alleges that firing the coaches "is a significant coaching change which aligns with a breach of contract and a violation of Plaintiff's right to a stable athletic environment." (*Id.*, ¶ 12, PageID #10.) Also, Plaintiff alleges that the "unstable athletic environment aggravated the goal of Plaintiff's attending Defendant University." (*Id.*, ¶ 13, PageID #11.) Plaintiff alleges that he has been "directly damaged by Defendants' actions through…having the coaches no longer able to coach him despite his relying on those coaches being the ones in place when he enrolled at Defendant University." (*Id.*, ¶ 15, PageID #11.)

## STATEMENT OF THE CASE

Plaintiff sued Reinhart University and Dr. Walter May, bringing eight State-law claims, including contract claims, unjust enrichment, and various negligence claims. (*Id.*, ¶¶ 16–65, PageID #11–16.) Defendants timely removed the action to

2

federal court.  (ECF No. 1.)  Defendants move to dismiss.  (ECF No. 4.)  Plaintiff did not respond to the motion.

## JURISDICTION

Federal courts have limited jurisdiction, possessing only the power that the Constitution and Congress authorize.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A defendant may remove a case to federal court only if it could have been filed there in the first place.  *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996).  As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed suit in federal court in the first instance.  *See, e.g., Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).  Courts strictly construe the removal statute and resolve all doubts in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).  Defendants removed this case from State court on the basis of diversity jurisdiction.  (ECF No. 1, ¶ 6, PageID #2.)

Although no party directly raises the issue, the Court has an independent obligation to examine its own jurisdiction.  *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005).  In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied."  *Nessel ex rel. Mich.*

*v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C. §§ 1331 & 1332(a)).

## I.      Complete Diversity

Section 1332 provides federal jurisdiction over a dispute between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. "[F]or diversity jurisdiction to be proper under § 1332, no plaintiff and no defendant can be the citizen of the same state." *Tennial v. Bank of America*, No. 17-6377, 2020 WL 2530872, at *1 (6th Cir. Apr. 15, 2020).  Plaintiff is domiciled in Ohio.  (ECF No. 1-2, ¶ 1, PageID #1; ECF No. 1, ¶ 5, PageID #2.)  Accordingly, Plaintiff is a citizen of Ohio.  Defendant Reinhart University is a private university in Georgia.  (ECF No. 1, ¶ 5, PageID #2.)  Defendant May is domiciled in Georgia.  (*Id.*)  Accordingly, Defendants are citizens of Georgia.  (*Id.*)  Because Plaintiff and Defendants are not citizens of the same state, the Court determines that complete diversity exists.

## II.      Amount in Controversy

When determining the amount in controversy, punitive damages count, unless—the law of this Circuit says—it appears to a legal certainty that they cannot be recovered.  *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 App'x 463, 471 (6th Cir. 2019) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). The removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).  To assert the amount in controversy, the defendant need only plausibly allege in its removal the that the claim exceeds the jurisdictional threshold.  *Id.* at 87.  To do so, the defendant

4

need not "research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572.

Here, Plaintiff alleges that "[t]he amount in controversy exceeds $25,000.00" (ECF No. 1-2, ¶4, PageID #10), and seeks compensatory, punitive, and treble damages (*id.*, ¶¶ 1–3, PageID #16).  In their notice of removal, Defendants allege that "[t]hese amounts, on their face, show that the amount in controversy exceeds $75,000" and, therefore, exceed the jurisdictional threshold.  (ECF No. 1, ¶ 6, PageID #2.)  As an exhibit to the complaint, Plaintiff attached an invoice, which shows the following payments:

| Description | Charges | Payments |
| --- | --- | --- |
| Residence Hall Fines | $50.00 | |
| Art Fee | $50.00 | |
| Block Tuition | $14,082.00 | |
| Room and Board | $5,300.00 | |
| Student Activity Fee | $125.00 | |
| Technology Fee | $200.00 | |
| Public Safety Fee | $60.00 | |
| Campus Fee | $490.00 | |
| Health Fee | $80.00 | |
| Fed Parent PLUS Loan | $9,578.00 | -   $9,578.00 |
| Fed Direct Subsidized Loan | $1,732.00 | -   $1,732.00 |

| | | | |
|---|---|---|---|
| Fed Direct Unsubsidized Loan | $990.00 | - | $990.00 |
| Federal PELL Grant | | - | $3,225.00 |
| Men's Lacrosse Scholarship | | - | $6,000.00 |
| Reinhart Opportunity Scholarship | | - | $1,000.00 |
| Spring 24 Parent Refund | $2,088.00 | | |
| Fed Parent PLUS Loan | | - | $3,093.00 |
| **Total charges:** | | | **$34,825.00** |
| **Total payments:** | | | **$25,618.00** |

(ECF No. 1-2, PageID #17.)

Plaintiff's total amount of payments for the 2024–2025 spring semester, which are loans and scholarships, is $25,618.00.  This amount exceeds the jurisdictional threshold for bringing suit in the common pleas court.  But it does not place more than $75,000 in controversy between the parties.  Even if Plaintiff paid all outstanding charges in the invoice, the amount still fails to meet the federal jurisdictional threshold.  For that reason, Defendants rely on Plaintiff's prayer for punitive damages to meet the federal jurisdictional threshold for the amount in controversy.

To the extent that Plaintiff's contract claims are viable, punitive damages are not available for breaches of contract under Ohio law.  *See, e.g., Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E. 3d 458, paragraph one of the syllabus.  Plaintiff's claim for unjust enrichment presents a

quasi-contractual theory of recovery, making punitive damages unavailable for it as well. *See Baatz v. Columbia Gas Transmission, LLC*, 295 F. Supp. 3d 776, 794–95 (N.D. Ohio 2018), *aff'd*, 929 F.3d 767 (6th Cir. 2019) ("[I]t is well-settled that claims for unjust enrichment sound in contract rather than tort."). If a breach of contract claim is "accompanied by a connected tort that is fraudulent, wanton, reckless, malicious, or oppressive," punitive damages might be available. *Id.* at 794; *see also Raze Int'l., Inc., v. Southeastern Equip. Co.*, 2016-Ohio-5700, 69 N.E.3d 1274, ¶ 74 (Ohio Ct. App.) (holding that fraudulent misrepresentations, but not negligence misrepresentations, "can lead to both compensatory damages *and punitive damages*.") (emphasis in original). In this case, Plaintiff brings claims for negligence.

To the extent Plaintiff's negligence claims are viable, and to the extent that those negligence claims survive the economic loss rule, though they might not, Ohio law requires more than mere negligence to sustain an award of punitive damages. *Preston v. Murty*, 32 Ohio St.3d 334, 334, 512 N.E.2d 1174, syllabus (1987); *Simpkins v. Grace Brethren Church of Del.*, 2014-Ohio-3465, 16 N.E.3d 687, ¶ 88 (Ohio Ct. App.), *aff'd*, 149 Ohio St. 3d 307, 2016-Ohio-8118, 75 N.E.3d 122 (noting that punitive damages require a showing of malice). However, Plaintiff does not allege malice.

Nor does Plaintiff allege malice in his remaining claims for conversion and tortious interference with a contract. *See Koehler v. PepsiAmericas, Inc.,* 268 F. App'x 396, 407 (6th Cir. 2008) ("[C]onversion is such an independent tort that allows punitive damage recovery upon a showing of malice."); *Developers Three v. Nationwide Ins. Co.*, 64 Ohio App.3d 794, 805, 582 N.E.2d 1130 (1990) ("Punitive

damages are recoverable in a tortious interference action" but "only if plaintiff proves actual malice.") (citation omitted).

Accordingly, Ohio law leaves no doubt that Plaintiff cannot recover punitive damages, assuming the merits of his claims.

## CONCLUSION

For the foregoing reasons, the Court determines that it does not have subject-matter jurisdiction over this action and **REMANDS** the case to the Geauga County Court of Common Pleas.

**SO ORDERED.**

Dated:  April 3, 2026

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8